## Biddle Estate

*High, Swartz, Flynn & Roberts*, for accountants.

TAXIS, P. J., March 15, 1956.—Edward M. Biddle died on March 13, 1950, leaving a last will and testament bearing date June 27, 1949, probated on March 20, 1950, on which the present letters were granted to the accountants, who were appointed executors.

In his will the testator gave and bequeathed to his wife, Mary, the share of his estate to which she would be entitled were he to die intestate, a resident of the Commonwealth of Pennsylvania and owning the estate devised or bequeathed under the will. He gave the residue of his estate to his three children, Richard C. D. Biddle, Lydia B. Allen and Edward M. Biddle, 3rd.

Testator was survived by his wife, Mary Biddle, and by his three children named as legatees in his will. They are all living and are of full age. The widow elected to take against the will.

The account shows a balance of income for distribution of $1,069.

The question is submitted whether the widow is entitled to participate in the balance of income for distribution as shown by the account, in view of the fact that she has been awarded a one-third share in the proceeds of sale of real estate which decedent owned in the State of Maine.

The balance accounted for is personal estate, and as such is distributable under the laws of this Commonwealth irrespective of descent or distribution of real estate in other jurisdictions. I find that Mary Biddle is entitled to a one-third share of said balance and the same is awarded to her. The remaining two thirds are awarded in equal shares to the three children, Richard C. D. Biddle, Lydia B. Allen and Edward M. Biddle, 3rd.

The transfer inheritance tax has been paid.

The account is confirmed, and it is ordered and decreed that Edward M. Biddle, 3rd, and Lydia Biddle

Allen, executors, as aforesaid, forthwith pay the distributions herein awarded.

And now, March 15, 1956, this adjudication is confirmed nisi.